IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edmundo Supulveda,<br><br>Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al,<br><br>Respondents. | No. CV-16-01945-PHX-SPL<br><br>**ORDER** |

The Court has before it Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) The Court has also received Respondents' Limited Answer (Doc. 9), and Petitioner's Reply. (Doc. 10.) Additionally, Petitioner and his sister Angela filed Affidavits. (Docs. 13, 14.) We also have before us Respondents' Surreply (Doc. 18), the Report and Recommendation (R&R) of United States Magistrate Judge John Z. Boyle (Doc. 19), and Petitioner's timely Objections. (Doc. 20.)

The Petitioner raises three grounds for relief in his Petition for Writ of Habeas Corpus. The Petitioner argues in Ground 1 that his trial counsel was ineffective because counsel failed to adequately advise Petitioner regarding the merits of a plea offer and case discovery that could have impacted the plea negotiations and trial. (Doc. 1 at 6.) In Ground 2, Petitioner argues that his appellate counsel was ineffective because the attorney failed to argue that the trial court erroneously admitted evidence of a recorded telephone call to 9-1-1. (*Id*. at 7.) In Ground 3, the Petitioner argues that he was denied the right to confront all witnesses against him. (*Id*. at 8.) Respondents argue that the

Petitioner's petition is untimely and that neither statutory tolling nor equitable tolling applies. (Doc. 9 at 4-11.)

Judge Boyle concluded the Petitioner's claims are untimely. (Doc. 19 at 2-9.) Additionally, Judge Boyle found that an evidentiary hearing was not warranted regarding Petitioner's claims, including equitable tolling. He believes the record is sufficiently developed, finding the Petitioner did not make a good faith allegation that would entitle Petitioner to equitable tolling. (*Id*.)

Petitioner argues extraordinary circumstances beyond his control made it impossible for him to file a timely habeas petition. (Doc. 20 at 1-10.) The Petitioner also submits that he has met the threshold of establishing that extraordinary circumstances beyond his control, made it impossible for him to file a timely petition. (*Id*. at 5.)

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). When a party files a timely objection to an R&R, the district judge reviews *de novo* those portions of the R&R that have been "properly objected to." Fed. R. Civ. P. 72(b). A proper objection requires specific written objections to the findings and recommendations in the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); 28 U.S.C. § 636(b)(1). It follows that the Court need not conduct any review of portions to which no specific objection has been made. *See Reyna-Tapia*, 328 F.3d at 1121; *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (discussing the inherent purpose of limited review is judicial economy). Further, a party is not entitled as of right to *de novo* review of evidence or arguments which are raised for the first time in an objection to the R&R, and the Court's decision to consider them is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

The Court has undertaken an extensive review of the sufficiently developed record and the objections to the findings and recommendations in the very detailed R&R, without the need for an evidentiary hearing.

After conducting a *de novo* review of the issues and objections, the Court reaches

the same conclusions reached by Judge Boyle. Specifically, the Court finds by pursuing a second PCR action prior to filing the instant Petition, the instant Petition is untimely. This Court further finds that no ground exists that would entitle Petitioner to equitable tolling relief.

Having carefully reviewed the record, the Petitioner has not shown that he is entitled to habeas relief. The R&R will be adopted in full. Accordingly,

**IT IS ORDERED:**

1. That the Magistrate Judge's Report and Recommendation (Doc. 19) is **accepted** and **adopted** by the Court;

2. That the Petitioner's Objections (Doc. 20) are **overruled**;

3. That the Petition for Writ of Habeas Corpus (Doc. 1) is **denied** and this action is **dismissed with prejudice**;

4. That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable; and

5. That the Clerk of Court shall **terminate** this action.

Dated this 18th day of January, 2018.

Honorable Steven P. Logan
United States District Judge